UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FREDERICK B.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:22cv171 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2021.

2. The claimant has not engaged in substantial gainful activity since June 2, 2017, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairment: COPD (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ladders, ropes, and scaffolds and he can frequently reach overhead bilaterally. He also must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dust, gases, and poorly ventilated areas.

6. The claimant is capable of performing his past relevant work as a circuit board assembler as this job is generally performed in the national economy (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 2, 2017, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 17-25).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on December 24, 2022. On March 6, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on April 10 , 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant

> presently unemployed?  (2)  Is the claimant's impairment "severe"?
> (3)  Does the impairment meet or exceed one of a list of specific
> impairments?  (4)  Is the claimant unable to perform his or her
> former occupation?  (5)  Is the claimant unable to perform any other
> work within the economy?  An affirmative answer leads either to the
> next step or, on steps 3 and 5, to a finding that the claimant is
> disabled.  A negative answer at any point, other than step 3, stops
> the inquiry and leads to a determination that the claimant is not
> disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ erred in her evaluation of Plaintiff's past work.  After determining Plaintiff's RFC, the ALJ asked a vocational expert whether a person of Plaintiff's age, education, experience, and functional limitations could perform any of Plaintiff's past relevant work (Tr. 54-55). The vocational expert responded that Plaintiff's past work as a circuit board assembler, as described in the DOT but not as actually performed, would be available (Tr. 54-55). Based on that testimony, the ALJ found that Plaintiff was capable of performing his past relevant work as a circuit board assembler, as the job is generally performed in the national economy, and he was therefore not disabled (Tr. 24-25).

Plaintiff argues that there was an "obvious conflict" because the VE testified that the assembler job could be performed if Plaintiff was limited to occasional reaching. Whereas the DOT classification for this job states that it involves frequent reaching.  The Commissioner acknowledges that the VE gave incorrect testimony on that issue, but argues that it did not create a conflict that the ALJ was required to resolve (Tr. 21-22, 24-25, 54-55). The ALJ limited Plaintiff to frequent reaching, which the VE testified was consistent with the performance of the

4

assembler job per the DOT (Tr. 22, 54).  Thus the Commissioner argues that the VE's testimony regarding occasional reaching was irrelevant as it pertained to a limitation that the ALJ ultimately deemed unsupported. This Court agrees with the Commissioner as the ALJ was not required to resolve a conflict that did not exist. *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 ("When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled"). Therefore, there is no basis for remand on this issue.

Next, Plaintiff argues that the ALJ's decision was not based on a preponderance of the evidence, and thus erroneous.  Preponderance of the evidence "means such relevant evidence that as a whole shows that the existence of the fact to be proven is more likely than not." 20 C.F.R. § 404.901. Under 20 C.F.R. § 404.953, the ALJ "shall issue a written decision that gives the findings of fact and the reasons for the decision." The ALJ "must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record." *Id*.; see *also Hearings Appeals and Litigation Law Manual* (HALLEX) ("An ALJ uses a preponderance of the evidence standard when making a decision."). The agency's regulations and HALLEX require that the ALJ "base" her decision on the preponderance of the evidence standard – they do not require that the ALJ expressly cite to that standard in her decision. *See* 20 C.F.R. § 404.953; HALLEX I-3-3-4.  Therefore, there is no basis for remand on this issue.

Next, Plaintiff argues that the ALJ's RFC analysis is erroneous.  The ALJ determined that Plaintiff's impairments limited him to light work, with additional limitations on postural activities, reaching, and environmental conditions (Tr. 21-22). In support of her RFC finding, the

5

ALJ cited to treatment records showing that Plaintiff had osteoarthritis in his shoulders, and had surgery on his right shoulder in 2015, five years before his alleged onset date (Tr. 18, 324-29, 332-34). Plaintiff returned for treatment in October 2020 after an injury to his left shoulder, but although physical therapy was recommended, the record does not indicate that Plaintiff followed up with any specific treatment (Tr. 18, 658-65, 666-67, 669-71, 673-75). The ALJ determined that Plaintiff's shoulder impairment was non-severe because it improved with conservative treatment within a short time (Tr. 18).

As noted, the ALJ limited Plaintiff to light work with frequent reaching overhead bilaterally (Tr. 24). Plaintiff argues that the ALJ's RFC finding did not adequately account for his shoulder limitations, but he cites to sporadic evidence dated years prior to his 2020 injury. He also cites to an opinion from his treating chiropractor, Heather Gick, indicating that his osteoarthritis would cause difficulty looking at a computer monitor for extended periods. However, the ALJ gave sound reasons for discounting Dr. Gick's opinion, noting that Dr. Gick's progress notes did not document significant deficits in muscle strength, reflexes, or sensation (Tr. 23, *see e.g.*, Tr. 621, 623, 631, 634). The Commissioner correctly notes that Plaintiff failed to demonstrate that any additional lifting, reaching, handling, or fingering limitations were supported by the record. *Kinsey v. Berryhill*, No. 2:16-cv-69-PRC, 2017 WL 1101140, at *8 (N.D. Ind. March 24, 2017) ("Plaintiff has not shown what additional functional limitations the impairment . . . would have necessitated.").

The ALJ also discussed Plaintiff's treatment for COPD (Tr. 22-25). She acknowledged that Plaintiff used various daily maintenance and rescue inhalers, and he received fairly regular and consistent treatment from a pulmonary specialist after the alleged onset date (Tr. 24, *see* Tr.

6

443-559). However, while those treatment records showed some symptoms such as decreased breath sounds and wheezing, Plaintiff did not display clubbing or cyanosis, his body mass index remained below 30, and lung volume tests (FVC, FEV1, and DLCO) were generally within normal limits (Tr. 24, *see* Tr. 443-46, 455-59, 463-64, 549-51, 558). Further, the ALJ noted that since the alleged onset date in June 2017, the record did not contain evidence showing that Plaintiff sought emergency room treatment or was hospitalized on an inpatient basis for a COPD exacerbation (Tr. 24). The Commissioner points out that Plaintiff had infrequent acute exacerbations of his symptoms requiring antibiotics or prednisone, and also continued to smoke throughout his treatment (Tr. 24, *see* Tr. 450-54, 652).

 Plaintiff contends that the ALJ ignored the chronic nature of his condition. However, the ALJ specifically noted that Plaintiff received "fairly regular and consistent treatment from a pulmonary specialist after the alleged onset date" (Tr. 24). Similarly, while Plaintiff points out that he had abnormal findings during his examinations, the ALJ expressly noted that Plaintiff exhibited decreased breath sounds, wheezing, and rhonchi (Tr. 24). Plaintiff also argues that due to his COPD, "[i]t is not believable that he could do light work" (Pl. Br. 27). However, as the ALJ and the Commissioner both point out, Plaintiff did not need an assistive device for standing or walking since his alleged onset date, and Dr. Gick's examinations consistently noted normal gait, muscle strength and tone, reflexes and sensation (Tr. 23-24, *see e.g.*, Tr. 621, 623, 631, 634). *Mitchell v. Astrue*, No. 3:08-cv 120, 2009 WL 692313, at *9 (N.D. Ind. March 16, 2009) (recognizing that the claimant has the joint burdens of production and persuasion with respect to her residual functional capacity).

 Plaintiff also argues that various other impairments caused additional limitations, but he

fails to cite to record support. First, he contends that the ALJ failed to recognize his hearing impairment, and cites to treatment records from Anupma Lal, M.D., (citing Tr. 658-61, 692-98)). During Plaintiff's consultative examination, he reported tinnitus and hearing loss. However, Brenda Vazquez, M.D. observed that although Plaintiff had some hearing loss, he was able to understand all questions and spoke at a normal volume, and he had no deficits in hearing simple oral instructions and communicating simple information (Tr. 641-42). Additionally, at the hearing before the ALJ, Plaintiff did not testify to limitations due to hearing loss (Tr. 56-59), This Court agrees with the Commissioner that Plaintiff has failed to show that he could not perform his past relevant work as an assembler, which has a "moderate" noise level and requires only "occasional" hearing (Tr. 24-25).

    Plaintiff also asserts that the ALJ failed to address vision-related issues, citing one examination where his vision was measured at 20/40 in both eyes (Tr. 640). The Commissioner points out, however, that the American Optometric Association categorizes someone with 20/40 vision as having "mild vision loss or near-normal vision" with "relatively good acuity." In the same examination that Plaintiff relies upon, he denied blurry vision, and he reported that he did not wear prescribed glasses on a regular basis (Tr. 640). Thus, Plaintiff has failed to show that any additional vision-related limitations were supported by the record.

    Finally, Plaintiff argues that the ALJ should have accounted for his non-severe impairment of anxiety in the RFC. The ALJ thoroughly discussed Plaintiff's reported anxiety, but noted that his providers usually described Plaintiff as having a normal mood and affect, with few references to anxiety or depression (Tr. 20-21, *see* Tr. 447, 639, 659, 663, 680). During a psychological consultative examination, Plaintiff reported anxiety to Andrew Miller, Psy.D., but his mood and

affect were normal (Tr. 20-21, 651-53). Dr. Miller opined that Plaintiff needed "very little support" from others to accomplish his daily tasks, his understanding, memory, and concentration were sufficient, and he had good social interactions (Tr. 653). Based on this evidence, the ALJ found that Plaintiff had no limitation in the paragraph B criteria, a finding that was supported by the opinions of state agency psychologists who opined that Plaintiff did not have severe mental impairments (Tr. 19-20, 66, 80-81). Clearly, there is no basis for remand on this issue.

Lastly, Plaintiff argues that the ALJ's credibility analysis was erroneous. Plaintiff argues that the ALJ's decision "recites boilerplate as if conducting a credibility analysis" (Pl. Br. 28). However, the Seventh Circuit and this Court have repeatedly found that an ALJ's use of boilerplate language is not an independent basis for remand. *Fody v. Colvin*, 641 F. App'x 568, 573 (7th Cir. 2016) ("this boilerplate does not provide an independent basis for remanding the case to the agency; we will uphold the ALJ's credibility determination as long as the ALJ provided legitimate reasons for discrediting the claimant's testimony"); *Owens v. Kijakazi*, No. 1:21-cv-423-JD-SLC, 2022 WL 17369590, at *3 (N.D. Ind. Dec. 2, 2022). Here, as the Commissioner argues, the ALJ's evaluation of Plaintiff's subjective statements was supported by substantial evidence, and not "patently wrong." *See Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (citing *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)) (the Court will not "decide questions of credibility," and "defers instead to the ALJ's conclusions which were not patently wrong").

The ALJ found that the objective medical evidence did not substantiate the severity and degree of functional limitations alleged by Plaintiff (Tr. 22). As detailed above, Plaintiff demonstrated some decreased breath sounds due to COPD, but he did not have emergency room

9

visits, hospitalizations, or regular acute exacerbations (Tr. 24, see Tr. 450-54, 652). Further, the ALJ noted that Plaintiff's physical examinations showed normal gait, normal muscle strength, tone, sensations, and reflexes, and Plaintiff did not use an assistive device (Tr. 24, *see* Tr. 621, 623, 631, 634, 644). The ALJ found that the objective evidence did not document the functional limitations in standing, walking, and lifting that Plaintiff alleged (Tr. 22).

The ALJ also discussed Plaintiff's activities of daily living (Tr. 24). She noted that Plaintiff was capable of part-time work in a meat shop during the relevant period, between August 2017 and October 2019 (Tr. 24, 37-38). The ALJ also noted that Plaintiff was capable of shopping for groceries, preparing meals, caring for his personal needs without assistance, doing chores, and interacting with family and friends (Tr. 24, *see* Tr. 57-59, 255-62). Plaintiff claims that the ALJ failed to recognize the difference between daily activities and a full time job. However, the ALJ expressly stated that she was "mindful of the fact the ability to perform daily activities is not necessarily consistent with the ability to perform full-time work" (Tr. 24).

As there is no basis for remand on any of the issues raised by Plaintiff, the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: April 17, 2023.

                                                  s/ William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court